# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Edmund Gill, ) | |
| ) | Civil Action No. 1:15-cv-01827-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Robert Crowe and ) | |
| Burton Transportation, LLC, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Edmund Gill's ("Plaintiff") Motion to Remand the action to the Court of Common Pleas of Allendale County pursuant to 28 U.S.C. § 1332(a). (ECF No. 7.)

For the reasons set forth herein, the court **GRANTS** Plaintiff's Motion to Remand the matter to the Court of Common Pleas of Allendale County, South Carolina.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This is a civil action filed by Plaintiff against Defendants Robert Crowe and Burton Transportation, LLC, arising out of injuries incurred as a result of a motor vehicle accident. (ECF No. 1 at 2.) The original Complaint in the underlying matter was filed in Allendale County on March 31, 2015. (ECF No. 7 at 1.) Robert Crowe ("Defendant") first received copies of the Summons and Complaint in the Court of Common Pleas action on April 6, 2015. (ECF No. 1 at 1.) On April 29, 2015, Defendant, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removed this action from the Court of Common Pleas, Fourteenth Judicial Circuit of the State of South Carolina, to the United States District Court for the District of South Carolina. (ECF No. 1.) On May 18, 2015, Plaintiff moved to remand the matter to the Court of Common Pleas of Allendale

1

County alleging that the amount in controversy does not exceed $75,000.00 as required by 28 U.S.C. § 1331(a).  (ECF No. 7-1.)  Defendant responded to Plaintiff's Motion to Remand on June 4, 2015.  (ECF No. 13.)  Plaintiff replied to Defendant's Response on June 15, 2015.  (ECF No. 15.) Plaintiff also filed a Stipulation as to Damages on June 15, 2015, which asserts "[t]hat the amount in controversy on this claim, exclusive of the interest and costs, does not now, nor will it ever, exceed the sum of Seventy-Four Thousand Five Hundred and 00/100 ($74,500.00) Dollars[.]"  (ECF No. 15-1 at 1.)

## II.   LEGAL STANDARD AND ANALYSIS

Federal courts are courts of limited jurisdiction.  A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter.  28 U.S.C. § 1441(a).  A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – (1) citizens of different states; . . . ."  28 U.S.C. § 1332(a).  In cases in which the district court's jurisdiction is based on diversity of citizenship, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. *See Strawn v. AT&T Mobility LLC*, 350 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on diversity jurisdiction party invoking federal jurisdiction must allege same in notice of removal and, when challenged, demonstrate basis for jurisdiction).  Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court.  *See Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted). Under Section 1332, there must be complete diversity of all parties.  *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806).  Complete diversity exists where "no party shares common citizenship with any party on the other side."

*Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

The United States Court of Appeals for the Fourth Circuit has not set forth a rule concerning the burden of proof on the removing party in regard to establishing the amount in controversy. *See, e.g.*, *Rota v. Consolidation Coal Co.*, No. 98-1807, 1999 U.S. App. LEXIS 6125, at *5 (4th Cir. Apr. 5, 1999) (expressly declining to adopt a particular standard of proof for determining the amount in controversy). Courts within the District of South Carolina are inclined to require "defendants in this position to show either to a 'legal certainty' or at least within 'reasonable probability' that the amount in controversy has been satisfied." *Phillips v. Whirlpool Corp.*, 351 F. Supp. 2d 458, 461 (D.S.C. 2005).

Where a complaint does not specify an amount, "the object which is sought to be accomplished by the plaintiff may be looked to in determining the value of the matter in controversy." *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739-JMC, 2011 U.S. Dist. LEXIS 11634, at *4 (D.S.C. Feb. 4, 2011) (internal citations and quotations omitted). Where the plaintiff has alleged an indeterminate amount of damages, the court may consider the plaintiff's claims as alleged in the complaint, the notice of removal filed with the court, and other relevant materials in the record. *Crosby v. CVS Pharm., Inc.*, 409 F. Supp. 2d 665, 667 (D.S.C. 2005). The court is limited to examining only evidence that was available at the moment the petition for removal was filed. *Id.* The court may include claims for punitive and consequential damages as well as attorney fees and costs in assessing whether the amount in controversy is satisfied to establish diversity jurisdiction. *See Mattison*, 2011 WL 494395, at *5; *see also Thompson v. Victoria Fire & Cas. Ins. Co.*, 32 F. Supp. 2d 847, 849 (D.S.C. 1999) (holding the amount in controversy exceeds $75,000.00 where complaint sought consequential damages, punitive damages, and attorneys' fees and costs beyond the $25,000.00 in actual damages

3

claimed).

In the instant case, Plaintiff does not specify any amount in controversy in the Complaint. (ECF No. 1-1 at 5-9.)  However, Plaintiff later asserts that the amount in controversy does not exceed Seventy-Four Thousand Five Hundred ($74,500.00) Dollars.  (ECF Nos. 7-1 at 1, 15-1 at 1).  Courts within the District of South Carolina require Defendant to "show either to a 'legal certainty' or at least within 'reasonable probability' that the amount in controversy has been satisfied." *Phillips,* 351 F. Supp. 2d at 461.  In Defendant's Response to Plaintiff's Motion to Remand (ECF No. 13), Defendant asserts that the jurisdictional limitation regarding the amount in controversy has been met "[a]s evidenced by Plaintiff's Complaint in the State Court Action, Plaintiff seeks general damages and punitive damages on account of the alleged 'gross negligence, recklessness, willfulness and wantonness of Defendant.'"  (ECF No. 13 at 1 citing ECF No. 1-1, ¶ 14.)  As further support, Defendant cites *McPhail v. Deere & Co.*, which states that in a diversity case, "the amount in controversy is not proof of the amount the plaintiff will recover.  Rather, it is an estimate of the amount that will be put at issue in the course of the litigation."  529 F.3d 947, 955 (10th Cir. 2008).  In short, while Defendant disputes any valuation of damages claimed by Plaintiff, Defendant nonetheless asserts that based upon the nature and breadth of Plaintiff's claims and the demand for punitive damages, Plaintiff has placed an amount in controversy that exceeds the jurisdictional limitation before the court and therefore the action is properly before the court.

Plaintiff acknowledges that the United States Supreme Court has previously found that a party's post-removal reduction of the amount recoverable below the jurisdictional amount did not deprive the [federal court] of jurisdiction.  (ECF No. 15 at 2 (citing *St. Paul Mercury Indem. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); s*ee also*, *Thompson v. Victoria Fire & Cas. Co.*, 32 F.

Supp. 2d 847, 849 (1999) ("The law is clear that post-removal events, such as amending a complaint in order to reduce the amount in controversy below the jurisdictional limit, do not deprive a federal court of diversity jurisdiction.")).)  However, Plaintiff argues that the instant case is distinguishable because Plaintiff's Complaint did not specify any amount of damage, and the court should therefore interpret the Plaintiff's statements in his Motion to Remand as clarification of the amount of damages sought.[1]  (*Id.*)  In support of Plaintiff's position, he string cites a number of cases considering post-removal stipulations that damages do not exceed the statutory minimum to be a clarification of an ambiguous complaint, rather than a post-removal amendment of a complaint.  (*Id.* at 3 (citing *Ferguson v. Walmart Stores, Inc.*, No. 94-2696, 1994 WL 653479, at *3 (unpublished) (remanding case when the plaintiff alleged an unspecified amount of damages and then filed a post-removal stipulation clarifying that the amount of damages sought was below the jurisdictional amount); *Gwyn v. Wal-Mart Stores, Inc.*, 9[5]5 F. Supp. 44, 46 (M.D.N.C. 199[6]) ("A post-removal stipulation or amendment of the complaint to allege damages below the jurisdictional amount will not destroy federal jurisdiction once it has attached.  However, when facing indeterminate claims, . . . the court may consider a stipulation filed by the plaintiff that the claim does not exceed the jurisdictional amount." (internal citation and quotation marks omitted)); *Tommie v. Orkin, Inc.*, No. 8:09-1225-HMH, 2009 WL 2148101, at *2 (D.S.C. July 15, 2009) (stating the same)).)

Additionally, Plaintiff stipulates that he "will not enforce or seek to recover any verdict or judgment on this Claim exceeding the sum of Seventy-Four Thousand Five Hundred and 00/100 ($74,500.00) Dollars, and any verdict or judgment in this lawsuit exceeding that amount

---

[1] Plaintiff states in his Memorandum in Support of his Motion to Remand that "though the Plaintiff's initial pleading did not include such a limitation, the Plaintiff now concedes, stipulates, and asserts that the sum total of all damages claimed as against Defendants, does not exceed $74,500.00." (ECF No. 7-1 at 1.)

5

shall be marked fully satisfied by the Defendants' payment to Plaintiff of the maximum amount of Seventy-Four Thousand Five Hundred and 00/100 ($74,500.00) Dollars." (ECF No. 15-1 at 2 ¶ 4.) In the event a jury returns a verdict in favor of Plaintiff in excess of the stipulated sum, Plaintiff states that he will consent to a remittitur. (*Id.*)

Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court. *See Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted). The court, having reviewed the pleadings and documents of record filed in this case, is of the opinion that Defendant has not met his burden of showing either to a 'legal certainty' or at least within 'reasonable probability' that the amount in controversy has been satisfied." *See Phillips v. Whirlpool Corp.*, 351 F. Supp. 2d 458, 461 (D.S.C. 2005). Defendant's Removal is based on speculation, not fact. Indeed, besides the conclusory statement in Defendant's Notice of Removal that there is "an amount in controversy in excess of $75,000," (ECF No. 3 at 1) the only support for Defendant's view is that "Plaintiff seeks general damages and punitive damages . . . ." (ECF No. 13 at 1.) Additionally, the court agrees with Plaintiff that a post-removal stipulation as to damages may be a clarification of an ambiguous complaint as opposed to a post-removal amendment to the complaint. Such is the case here. The court also takes into consideration that Plaintiff has bound himself to the clarifying stipulation now filed. The court thus finds that it lacks jurisdiction over this case and will remand the case to the Court of Common Pleas of Allendale County, South Carolina.

### III.  CONCLUSION

For the foregoing reasons, the court **GRANTS** Plaintiff's Motion to Remand this matter to the Court of Common Pleas of Allendale County, South Carolina. (ECF No. 7.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 10, 2015
Columbia, South Carolina